Holly Johanknecht, AK Bar #0511103
Meg K. Allison, AK Bar #0511091
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
hollyj@dlcak.org
mallison@dlcak.org
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| Disability Law Center of Alaska, Inc., ) | | |
| Plaintiffs ) | | |
| ) | | |
| vs. ) | **COMPLAINT** | |
| ) | | |
| North Star Behavioral Health System, ) | | |
| Defendant. ) | Case No. | |
| _____) | | |

**INTRODUCTION**

1.  Plaintiff Disability Law Center of Alaska brings this action to challenge the Defendant
    North Star Behavioral Health System's ("North Star") refusal to release to Plaintiff
    documents relating to an incident of probable abuse and neglect that occurred at
    Defendant's facility.  Federal law provides that such documents must be released to
    Plaintiff so it can carry out its mandate to investigate incidents of alleged abuse and
    neglect.

JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This action is
    authorized by 28 U.S.C. §§ 2201 – 02, 42 U.S.C. §§ 10801 – 10827.

DLC v. North Star                                                                               Page 1 of 8
Complaint
Case 3:07-cv-00062-JWS   Document 1   Filed 04/26/07   Page 1 of 8

3.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) as all of the events and omissions complained of occurred in this district.

PARTIES

4.  Plaintiff Disability Law Center of Alaska is the protection and advocacy ("P&A") system for the State of Alaska. P&As are a nationwide network of disability rights agencies which are mandated, under various interrelated federal statutory programs, to provide legal representation and other advocacy services on behalf of all individuals with disabilities. Pursuant to 42 U.S.C. § 6042(a)(2)(A)(i), P&As are authorized to "pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within the State[.]" P&As are also authorized "to investigate incidents of abuse and neglect of individuals with developmental disabilities if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred." 42 U.S.C. § 6042(a)(2)(B). The Disability Law Center of Alaska has been designated by the State of Alaska to receive federal funds for advocacy activities pursuant to the Developmental Disabilities and Bill of Rights Act, 42 U.S.C. §§ 6000, *et seq*. The Disability Law Center of Alaska is a nonprofit corporation duly organized in accordance with the laws of the State of Alaska. Its principal place of business is in Anchorage, Alaska. The Disability Law Center of Alaska operates permanent offices in Anchorage, Juneau, Bethel and Fairbanks.

5.  Defendant North Star Behavioral Health System provides mental health services for children and adolescents. North Star maintains the facility at which the incident involving B.C. occurred.

DLC v. North Star                                                                                          Page 2 of 8
Complaint
Case 3:07-cv-00062-JWS   Document 1   Filed 04/26/07   Page 2 of 8

APPLICABLE LAW AND FACTS

A. The Protection and Advocacy for Individuals with Mental Illness Act of 1986
     42 U.S.C. §§ 10801 *et seq*.

6.  The PAIMI Act authorizes protection and advocacy (P & A) systems to advocate for the

    rights of individuals with mental illness and to investigate incidents of abuse and neglect.

    42 U.S.C. §§ 10801 *et seq*.

7.  Additionally, the PAIMI Act authorizes a P&A agency to access "all records" of an

    individual with a mental illness. 42 U.S.C. 10805(a)(4).

8.  42 U.S.C. § 10806(b)(3)(A) defines the term records as,

    > The term "records" includes reports prepared by any staff of a
    > facility rendering care and treatment or reports prepared by an
    > agency charged with investigating reports of incidents of abuse,
    > neglect, and injury occurring at such facility that describe
    > incidents of abuse, neglect, and injury occurring at such facility
    > and the steps taken to investigate such incidents, and discharge
    > planning records.

B. Facts

9.  B.C. is a minor diagnosed with a mental illness and other disabilities. At the time of the

    incident in question, B.C. was a patient at North Star's acute care facility.

10. On or about February 14, 2007, North Star patient B.C. was involved in an altercation

    involving North Star staff at the North Star acute care facility.

11. On or about February 15, 2007, B.C.'s mother filed a complaint with North Star

    regarding the incident involving her son.

12. In a letter dated February 22, 2007, North Star informed B.C.'s mother that they had

    investigated her complaint. In that letter North Star claimed that they took a number of

    actions as a result of her complaint including:

    a.  An interview of B.C.;

DLC v. North Star                                                                                    Page 3 of 8
Complaint
Case 3:07-cv-00062-JWS   Document 1   Filed 04/26/07   Page 3 of 8

b. Interviews of witnesses identified by B.C.;

c. Interviews of staff members working on the unit on the day of the incident; and,

d. A review of video surveillance recordings from the unit.

13. The letter dated February 22, 2007 further stated the results of their investigation into her complaint:

a. That they were unable to substantiate the complaint,

b. That her concerns regarding staff interactions would be forwarded to the Director of Nursing, and

c. That any action taken as a result of the information is considered a personnel matter and would not be available to her.

14. On or about February 22, 2007, DLC was contacted regarding the incident.

15. On March 6, 2007, B.C.'s mother signed a release for DLC for the purpose of facilitating the investigation into the incident.

16. In a letter dated March 8, 2007, addressed to North Star CEO James Shill, DLC requested a number of records, including any internal investigation and supporting documentation conducted by the facility regarding the incident.

17. In a letter dated March 9, 2007, Ms. Laura McKenzie Director of Quality Improvement/Risk Management, stated that the facility planned to cooperate with DLC's request and the requested records were being collected and would be provided to DLC by March14, 2007.

18. In a letter dated March 19, 2007, Ms. McKenzie informed DLC of defendant's refusal to provide the requested investigation records stating that counsel for defendant advised the non-disclosure claiming that the requested records were "peer review".

19. In a letter dated March 21, 2007, DLC contacted counsel for defendant. In that letter, DLC provided citations for DLC's federal access authority and renewed its request for the investigation records.

20. In a letter dated March 22, 2007 counsel for North Star responded and again refused to provide the requested records continuing to claim the requested records were "peer review", protected by Alaska statute and therefore exempt from DLC's statutory authority.

21. In a letter dated March 29, 2007, DLC informed defendant that the requested records were not "peer review" records and requested counsel for defendant explain how the requested records fell within the state statute cited by counsel for defendant and informed counsel of four circuit court decisions granting a P&A agency access to "peer review" records.

22. In a letter dated April 3, 2007, counsel for defendant responded and again refused to provide the requested records.

23. Despite numerous written and verbal requests from DLC and its counsel to defendants for the requested records, defendants refuse to provide documents to which DLC has statutorily authorized access.

24. Defendant's refusal to provide DLC with all the requested records in this matter prevents DLC from fully performing its statutory duty to investigate incidents of suspected abuse, neglect and injury.

### CLAIM FOR RELIEF I

25. Paragraphs 1-25 are incorporated herein by reference.

26. Pursuant to the Protection and Advocacy for Individuals with Mental Illness Act "PAIMI Act" 42 U.S.C. §§ 10805 *et seq.*, DLC is entitled to review and obtain copies of records of persons with mental illness and other disabilities.[1]

27. DLC, through its employees and counsel, has made repeated requests for the records of defendant's investigation of the incident involving B.C., but defendant has refused to provide them.

28. Defendant's actions and inactions in refusing to provide DLC with all requested records relating to the incident involving B.C. violates DLC's statutory rights under the PAIMI Act, 42 U.S.C. §§ 10801 *et seq.*

## CLAIM FOR RELIEF II

29. Paragraphs 1-29 are incorporated herein by reference.

30. A.S. § 18.23.030 requires that the records of a review organization shall be held in confidence. The term "review organization" is defined by A.S. § 18.23.070(5).

31. DLC requested records regarding any internal investigation and supporting documentation conducted by the facility regarding the incident involving B.C.

32. The records requested by DLC are not "peer review" records as asserted by Defendant, as they do not meet the requirements of Alaska law to be kept confidential as records of a review organization under A.S. § 18.23.030.

33. Defendant's refusal to provide DLC with all requested records relating to the incident involving B.C. violates DLC's statutory rights under the PAIMI Act, 42 U.S.C. §§ 10801 *et seq.*

---

[1] The Disability Rights Center of Alaska has additional statutory authority under the Developmental Disabilities Assistance and Bill of Rights Act of 2000, 42 U.S.C. §§ 15041 – 15045 and the Protection and Advocacy of Individual Rights, 29 U.S.C. 794e.

DLC v. North Star                                                                                                  Page 6 of 8
Complaint
Case 3:07-cv-00062-JWS   Document 1   Filed 04/26/07   Page 6 of 8

REQUEST FOR RELIEF

34. WHEREFORE, plaintiff requests:

a. That the Court exercise jurisdiction over this action;

b. That the Court order defendant to provide DLC with all reports, documents and records relating to the February 14, 2007 incident involving B.C.;

c. That the Court enter a declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring the defendants to be in violation of the PAIMI Act for refusing Plaintiff prompt access to all records relating to B.C. and preventing DLC from fully performing its statutory duty to investigate incidents of suspected abuse and neglect of persons with mental illness in violation of the PAIMI Act;

d. In the alternative, that the Court enter a declaratory judgment in accordance with 28 U.S.C. § 2201, declaring that the type of internal investigation and related documents requested by DLC are not records of a review organization under Alaska law and that Defendant's refusal to provide such records to DLC is in violation of the PAIMI Act;

e. That the Court issue a permanent injunction against the Defendant to prevent Defendant from engaging in the conduct complained of herein, for all future requests for records made by Plaintiff in accordance with the PAIMI Act; and,

f. That the Court issue such other relief as may be just, equitable and appropriate, including an award of plaintiff's reasonable attorney's fees and expenses.

DLC v. North Star                                                                                                Page 7 of 8
Complaint
Case 3:07-cv-00062-JWS   Document 1   Filed 04/26/07   Page 7 of 8

Dated: April 26, 2007                              Respectfully submitted,

                                                    s/ Holly Johanknecht_____
                                                   Holly Johanknecht, AK Bar #0511103

                                                   s/ Meg K. Allison_____
                                                   Meg K. Allison, AK Bar #0511091

                                                   DISABILITY LAW CENTER OF ALASKA
                                                   3330 Arctic Blvd., Suite 103
                                                   Anchorage, AK   99503
                                                   hollyj@dlcak.org
                                                   mallison@dlcak.org
                                                   Telephone: (907) 565-1002
                                                   Fax: (907) 565-1000
                                                   Attorneys for Plaintiff


Certificate of Service

I hereby certify that on the 26th day of
April 2007, a copy of this document
was served by Courier on:

Linda Johnson
Clapp, Peterson
711 H Street, Suite 620
Anchorage, Alaska 99501


/s Holly Johanknecht_____
Holly Johanknecht

DLC v. North Star                                                                 Page 8 of 8
Complaint
Case 3:07-cv-00062-JWS   Document 1   Filed 04/26/07   Page 8 of 8