Linda J. Johnson
Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
(907) 272-9272
(907) 272-9586 fax
usdc-anch-ntc@cplawak.com
Attorneys for Defendant North
Star Behavioral Health System

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| DISABILITY LAW CENTER OF ALASKA, INC. | |
| Plaintiffs, | |
| vs. | |
| NORTH STAR BEHAVIORAL HEALTH SYSTEM | |
| Defendant. | Case No. 3:07-CV-00062 JWS |

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant North Star Behavioral Health System (North Star) moves the court pursuant to Fed. R. Civ. P. 37 for an order compelling Plaintiff Disability Law Center of Alaska, Inc. (DLCA) to produce the documents requested during discovery. North Star certifies that it has conferred in good faith with DLCA in an effort to secure the documents without resorting to court action, and has attached

the correspondence with DLCA as proof of that good faith conferral. DLCA has refused to comply.

## I. FACTUAL BACKGROUND

North Star propounded discovery requests to DLCA, requesting answers to interrogatories and requesting documents underlying the investigation of the BC matter that DLCA has undertaken to date. DLCA answered the interrogatories on October 18, 2007, but refused to produce any document. Ex. A.

On October 22, 2007, a letter was sent to DLCA outlining the problems with the production. Ex. B. North Star requested that DLCA at least produce a privilege log, and North Star set forth the reasons DLCA should produce the documents requested. DLCA responded by producing its investigation notes taken during the interviews with North Star staff and DLCA produced a privilege log. Privilege Log[1] attached as Ex. C.

The privilege log noted that DLCA withheld documents based upon: 1) the attorney-work product, although not all documents appear to be authored by or for an attorney; and 2) Protection and Advocacy for Individual with Mental Illness Act (PAIMI) found at 42 U.S.C. §10801 et seq,. See Ex. C.

Another letter was sent to DLCA on October 26, 2007, requesting the remaining documents. Ex. D. Specifically, North Star challenged the reasons by

---

[1] The interview notes are not attached to this motion, as they are not relevant to the motion to compel.

Motion To Compel
*Disability Law Center of Alaska, Inc. v. North Star Behavioral Health System*
Page 2 of 6
Case 3:07-cv-00062-JWS   Document 19   Filed 11/02/07   Page 2 of 6

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

which DLCA withheld the following documents listed on the privilege log:

> #3:  Notes from interview with BC's mother, authored by a non-attorney.
> #5:  Notes from interview with BC and parent, authored by a non-attorney
> #6:  Report to State Licensing and Certification, involving the BC incident, authored by a non-attorney
> #8:  Memorandum, meeting notes, authored by Ron Cowen, a non-attorney.
> #12A:  Correspondence with the parents of North Star residents, authored by a non-attorney.

DLCA wrote the final letter, dated October 30, 2007[2], refusing to disclose the remaining records "absent a court order".  Ex. E.  DLCA claimed that the agency was required by law to keep certain documents confidential without a court order and that some were "work product."  DLCA also claimed that the documents were not relevant to its cause of action before the court.  This motion ensued.

## II.  THE DOCUMENTS SHOULD BE PRODUCED:

Pursuant to Fed. R. Civ. P. 37(a)(2) this motion is based upon DLCA's refusal to produce records under Fed. R. Civ. P. 34.  Rule 37 allows a party to move for an order compelling the production of documents.  North Star asks that the court order DLCA to produce five documents listed on its privilege log, as set forth above.

### A. The Documents Are Relevant.

Fed. R. Civ. P. 26(b)(2) states that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim <u>or defense</u> of any party . . ."

---

[2] The letter was received by North Star on November 1, 2007.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

The rule also states:

> For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The documents requested by North Star are relevant to its defense of the claims made for peer review records. North Star is entitled to know what efforts have been made by DLCA to investigate the incident with BC on its own without benefit of the privileged peer review documents. North Star is entitled to know whether DLCA has been able to successfully investigate without the peer review documents that they seek in this case.

The documents requested are relevant to North Star's defense and Rule 26 provides that they should be disclosed.

## B. Attorney Work Product Only Shields Certain Documents.

Document #8 is described as a memorandum, meeting notes, and authored by Ron Cowan, a non-attorney. There is no work product privilege in federal evidence rules. See Fed. R. Evid. 501. The federal rules rely upon the state rules for any privilege. Alaska R. Evid. 503 extends protection only to documents that are actual communications between a client and its attorney.

As the Alaska Supreme Court has recently held:

> The attorney work product privilege is designed to protect the mental impressions, conclusions, and opinions of an attorney in the preparation of materials for use in litigation. As set forth in Langdon v. Champion, in order for materials to qualify for work product protection, the material involved must be: (1) a document or other tangible thing,

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

(2) prepared in anticipation of litigation or for trial, and (3) prepared by or for the opposing party's attorney or representative.

*DeNardo v. Bax*, 147 F.3d 672, 678 (Alaska 2006), citing *Walden v. Dep't of Transp.*, 27 P.3d 297, 308 (Alaska 2001), and *Landgon v. Champion*, 752 P.2d 999, 1005 (Alaska 1988). See also 8 C. Wright & A. Miller, Federal Practice & Procedure § 2024, at 196-97 (1970); and 4 J. Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶¶ 26.64[1]-[4], at 26-348 to 26-389).

Documents cannot be privileged merely by cc'ing an attorney. DLCA's investigation itself is not protected by an attorney work product privilege, even if conducted by an attorney, because it is a factual investigation. Based upon the description in the privilege log, there is no work product for the notes taken by a non-attorney about a meeting. The privilege log does not indicate that the meeting was in anticipation of litigation or that it was prepared for DLCA's attorney.

The court should order DLCA to produce document #8.

## C. PAIMI Does Not Protect Documents From Disclosure In Litigation.

All the remaining documents DLCA claims are protected by PAIMI. DLCA has withheld the documents based only on the confidentiality restrictions found in the federal statute. North Star disputes that DLCA has a right or privilege to withhold these documents during litigation. But DLCA appears to concede that it must disclose the documents if a court orders it to do so. Therefore, North Star asks that the court order DLCA to produce documents numbered 3, 5, 6, and 12A.

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

## III. CONCLUSION

For all the above reasons, North Star requests a order from the court compelling DLCA to produce documents requested in discovery: #3, 5, 6, 8, and 12A.

DATED at Anchorage, Alaska, this 2nd day of November, 2007.

CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORNSESS, LLC
Attorneys for Defendant North Star
Behavioral Health System


s/ Linda J. Johnson
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
Phone: (907) 272-9631
Fax: (907) 272-9586
Direct email: ljj@cplawak.com
Alaska Bar No. 8911070


<u>Certificate of Service</u>

I hereby certify that on November 2, 2007, a copy of the foregoing *Motion to Compel,* was served electronically on all counsel of record.

s/ Linda J. Johnson

Clapp, Peterson, Van Flein,
Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501-3454
(907) 272-9272 fax (907) 272-9586

Motion To Compel
*Disability Law Center of Alaska, Inc. v. North Star Behavioral Health System*
Page 6 of 6
Case 3:07-cv-00062-JWS   Document 19   Filed 11/02/07   Page 6 of 6