Holly Johanknecht, AK Bar #0511103
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
hollyj@dlcak.org
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Disability Law Center of Alaska, Inc., <br> Plaintiff <br><br> vs. <br><br> North Star Behavioral Health System, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:07-cv-00062-JWS <br> ) |

**OPPOSITION TO DEFENDANT'S MOTION TO**

**COMPEL PRODUCTION OF DOCUMENTS**

Defendant has moved for a motion to compel DLC to produce documents that DLC has asserted are protected under the work product doctrine, and under the confidentiality requirements of the PAIMI Act. Defendant's motion should be denied as it provides no argument or legal authority to support that the confidentiality requirements of the PAIMI Act should be overridden, nor does it provide any legal authority as to why the work product doctrine should not be applied. Furthermore, despite Defendant's assertion to the contrary, all documents at issue in their Motion to Compel are not relevant, and not calculated to lead to the discovery information relevant to any claim before the Court. What is important to remember is that this litigation is about DLC's access to the Defendant's investigatory and peer review records, not the

*Disability Law Center v. North Star Behavioral Health System*  Page 1 of 6
Case No. 3:07-cv-00062-JWS
OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

Case 3:07-cv-00062-JWS   Document 21   Filed 11/06/07   Page 1 of 6

Defendant's access to DLC's investigation file, which must remain confidential pursuant to federal law.

**FACTS**

Defendant promulgated discovery requests, including Request for Production No. 7 that requested DLC produce "any and all notes, reports, witness statements, e-mails and any other documents that relate to DLCA's investigation at North Star involving B.C.'s complaint." DLC declined to provide several documents pursuant to this request, stating that the requested documents included work product, documents and information that DLC is required to keep confidential under the PAIMI Act, and that the requested records are not relevant to the issues before the Court. Following the confirmation that DLC would not provide the requested documents, Defendant filed this Motion to Compel.

**ARGUMENT**

**I. Requested Documents Fall Within the Work Product Doctrine**

DLC has declined to produce requested documents, as they are protected by the work product doctrine. "The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), protects 'from discovery documents and tangible things prepared by a party or his **representative** in anticipation of litigation." *In re Grand Jury Subpoena v. Torf*, 357 F.3d 900, 906 (9th Cir. 2004) (*citing Admirial Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989) (emphasis in original).

To meet this standard, a document must meet two characteristics "(1) they must be 'prepared in anticipation of litigation or for trial', and (2) they must be prepared 'by or for another party or by or for that other party's **representative**.'" *Id* at 907 (citing *In re California Pub Utils. Comm'n*, 892 F.2d 778, 780-81 (9th Cir. 1989) (quoting Fed R. Civ. P. 26(b)(3) (emphasis in

*Disability Law Center v. North Star Behavioral Health System* <span>Page 2 of 6</span>
Case No. 3:07-cv-00062-JWS
OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

original). Defendant's claim that because the documents were not authored by an attorney, the work product does not exist is in direct contravention of the plain language of the Federal Rules of Civil Procedure that codifies the doctrine. Furthermore, its claim that because there is no work product privilege in federal evidence rules, DLC cannot decline to produce documents because they are work product is similarly without merit. There can be no argument that the Federal Rules of Civil Procedure do not apply to litigation conducted in federal courts.

The document DLC declined to produce because it is work product was a memorandum to the client's file, written by DLC investigator Ron Cowan, following a meeting. This memorandum was written solely in anticipation of litigation and by a representative of DLC. As such it is protected by the work product doctrine.

In order for a party to defeat the work product doctrine, they must demonstrate that "the party seeking discovery has substantial need of the materials in preparation of the party's case, and that the party is unable to obtain the substantial equivalent of the materials by other means." Fed R. Civ. P. 26(b)(3). In its Motion to Compel, Defendant makes no such showing. In fact, such a showing is impossible as the requested documents are not relevant to the issues before the Court. DLC's Motion for Declaratory Relief and Preliminary Injunction asks the Court to make a determination as to the parties' rights with regard investigatory materials of the Defendant. Thus, the investigatory materials or internal memorandum of DLC are not relevant to this inquiry.

Despite Defendant's assertion that its "defense" involves the efforts made by DLC to investigate the complaints it received regarding B.C., DLC's investigation has no bearing on the legal rights of the parties. The PAIMI Act does not require that DLC must initiate an investigation prior to accessing an institution's, such as North Star, investigatory and peer review records. Furthermore, there is no requirement in the PAIMI Act, or anywhere else that DLC is

*Disability Law Center v. North Star Behavioral Health System*     Page 3 of 6
Case No. 3:07-cv-00062-JWS
OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

Case 3:07-cv-00062-JWS   Document 21   Filed 11/06/07   Page 3 of 6

required to inform a facility under investigation of the results of its investigation, or the steps taken during its investigation.

Defendant asserts it is "entitled" to know "what efforts have been made" and what DLC "has been able to successfully investigate", however, Defendant states no authority for this entitlement. Defendant's claim regarding this "defense" is nothing more than a ploy to access information DLC gathered through its investigation that Defendant would otherwise not be permitted to access. It is not relevant to the issues before the court, and has no bearing on any legitimate defense, and thus Defendant cannot make, and indeed has not made, a showing that it has substantial need of the materials in preparation of their case.

Because Document No. 8 is work product, and Defendant has not, and cannot make a showing that they are in substantial need of the materials in preparation of their case as required by Federal Rule of Civil Procedure 26(b)(3), their Motion to Compel with regard to this document should fail.

## II. DLC is Required to Keep Requested Records Confidential by the PAIMI Act

DLC declined to produce the other documents at issue in Defendant's Motion to Compel Production of Documents because DLC is required to keep confidential such records by the PAIMI Act.[1] The PAIMI Act and its implementing regulations is the basis for DLC's authority to access records and information, including the requested investigatory and peer review information from Defendant, which is at issue in this case. 42 U.S.C. § 10806. In addition, the Act places limits on DLC's ability to disclose, or re-disclose information it obtained through its access authority or otherwise. 42 U.S.C. § 10806(a) and 42 C.F.R. § 51.45. These confidentiality requirements are intended to protect DLC's clients from the unauthorized release of confidential

---

[1] The records DLC cannot disclose because of the PAIMI confidentiality requirements are #3, #5, #6 and #12A.

*Disability Law Center v. North Star Behavioral Health System*     Page 4 of 6
Case No. 3:07-cv-00062-JWS
OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

information, as well as to protect individuals who make reports of abuse and neglect or provide DLC with information, and those who otherwise receive information and services from DLC.

These confidentiality requirements do not contain any exceptions, or exemptions. DLC is required to keep the types of records Defendant seeks confidential. Defendant provides no argument or legal authority to support their contention that the PAIMI Act's confidentiality requirements do not protected the requested documents, rather they just simply request a court order, requiring DLC to disclose information that federal law requires be kept confidential without any rationale or legal basis.

Furthermore, as stated above, the requested documents are not relevant to the issues before this Court. DLC's investigation and the related documents have no impact on the legal rights of the parties, especially with regard to DLC's right to access information held by Defendant. Defendant's attempt to access these confidential client records is inappropriate and somewhat surprising considering that the basis for this litigation is *the Defendant's refusal* to provide documents because of a state confidentiality requirement. Because the requested records are confidential, and not relevant to the issues before this Court, their Motion to Compel should be denied.

## CONCLUSION

The records that are the subject of Defendant's Motion to Compel are not discoverable in this case. Both the confidentiality requirements of the PAIMI Act and the work product doctrine as defined by the Federal Rules of Civil Procedure protect the requested records. In addition, these requested records are not relevant to the matter before this Court. For the forgoing reasons, Defendant's Motion to Compel should be denied.

/s/ Holly Johanknecht_____

*Disability Law Center v. North Star Behavioral Health System*     Page 5 of 6
Case No. 3:07-cv-00062-JWS
OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS

Case 3:07-cv-00062-JWS   Document 21   Filed 11/06/07   Page 5 of 6

<div style="color:red">
Holly Johanknecht, AK Bar #0511103
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK   99503
hollyj@dlcak.org
Telephone: (907) 565-1002
Fax: (907) 565-1000
Attorney for Plaintiff
</div>

Certificate of Service

I hereby certify that on the 6th day of November 2007, a copy of this document was served electronically by ECF on:

Linda Johnson
usdc-anch-ntc@cplawak.com

/s Holly Johanknecht
Holly Johanknecht

*Disability Law Center v. North Star Behavioral Health System*  Page 6 of 6
Case No. 3:07-cv-00062-JWS
OPPOSITION TO DEFENDANT'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS