UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| DISABILITY LAW CENTER OF ALASKA, INC. | ) ) ) | |
| Plaintiff, | ) ) | 3:07-cv-00062 JWS |
| vs. | ) ) | ORDER AND OPINION |
| NORTH STAR BEHAVIOR HEALTH | ) ) | [Re: Motion at Docket 11] |
| Defendant. | ) ) ) | |

## I. MOTION PRESENTED

At docket 11, plaintiff Disability Law Center of Alaska, Inc. ("DLCA") filed a motion for declaratory relief and preliminary injunction. At docket 28, defendant North Star Behavioral Health System ("North Star") responded, and at docket 36, DLCA replied. Oral argument was heard on March 25, 2008.

## II. BACKGROUND

DLCA filed a complaint alleging that it is entitled to certain records from North Star as part of an investigation it is conducting pursuant to the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI").[1] PAIMI was enacted by

---

[1] Doc. 1 at 3 (citing 42 U.S.C. §§ 10801 *et seq.*). DLCA also claims authority in its complaint under the repealed 42 U.S.C. § 6042(a)(2)(A)(I) (part of the Developmental Disabilities and Bill of Rights Act, 42 U.S.C. §§ 6000, *et. seq.*).

Congress to "ensure that the rights of individuals with mental illness are protected" and "to assist States to establish and operate a protection and advocacy system for individuals with mental illness."[2] PAIMI provides funding for states to "establish independent organizations (referred to in the Act as 'eligible systems') that monitor and protect the rights of the mentally ill."[3] An eligible system "protect[s] and advocate[s] the rights of such individuals through activities to ensure the enforcement of the Constitution and Federal and State statutes"[4] and "investigate[s] incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the eligible system or if there is probable cause to believe that the incidents occurred."[5]

In this action, DLCA claims that it is the eligible system for the State of Alaska, and as such is authorized to investigate a complaint made to DLCA by the parent of a minor named "BC." The complaint regarded an incident that occurred while BC was in the care of North Star.[6] North Star has refused to provide DLCA with certain records pertaining to the incident, asserting that they are subject to a "peer review" privilege created by state law.

DLCA argues that PAIMI preempts the state peer review confidentiality statute, AS 18.23.030, and that in any case the requested records are not "peer review" records within the meaning of the statute. North Star asserts that DLCA has no standing or authority to investigate the incident and request the records. North Star also argues that as "peer review" materials, the records are protected from disclosure to DLCA by AS 18.23.030 and a regulation adopted pursuant to PAIMI, 42 C.F.R. § 51.41(c)(4).

---

[2] 42 U.S.C. § 10801(b)(1) and (2).

[3] *Pennsylvania Protection & Advocacy, Inc. v. Houstoun*, 228 F.3d 423, 425 (3d Cir. 2000).

[4] 42 U.S.C. § 10801(b)(2)(A).

[5] 42 U.S.C. § 10801(b)(2)(B).

[6] Doc. 1 at 2-3

## III. STANDARD OF REVIEW

### A. Declaratory Judgement Act

Plaintiff requests a declaratory judgment pursuant to 28 U.S.C. § 2201. This court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[7] "In determining whether to exercise declaratory jurisdiction, federal courts should consider whether a declaratory judgment will serve a useful purpose in clarifying and settling the legal relations between the parties, and whether it will terminate the controversy."[8] A declaratory judgment "delineates important rights and responsibilities and can be a message not only to the parties but also to the public and has significant educational and lasting importance."[9]

### B. Injunctive Relief

"[N]ecessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."[10] DLCA's brief focuses on its request for a preliminary injunction, but because the request is for an affirmative act, the release of information to DLCA, the court will interpret the request as one seeking a mandatory permanent injunction.[11] To succeed on a motion for a permanent injunction, DLCA must have actual success on the merits–in this case, the declaratory relief it seeks.[12] To obtain a permanent injunction, DLCA must show "(1) that it has suffered an irreparable

---

[7] 28 U.S.C. § 2201.

[8] *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992)

[9] *Natural Resources Defense Council, Inc. v. U.S. Environmental Protection Agency*, 966 F.2d 1292, 1299 (9th Cir. 1992) (internal quotations omitted).

[10] 28 U.S.C. § 2202.

[11] *See, e.g., Disability Law Center of Alaska, Inc. v. Anchorage School District,* 2007 W.L. 2827532 at *3 (D. Alaska Sept. 26, 2007).

[12] *Sierra Club v. Penfold*, 857 F.2d 1307, 1318 (9th Cir. 1988) (noting that the "standard for a preliminary injunction is essentially the same as for a permanent injunction except "likelihood of success on the merits rather than actual success" must be shown").

injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."[13]

## IV. DISCUSSION

### A. Declaratory Relief

#### 1. DLCA's Standing

It is undisputed that DLCA is the eligible system for Alaska under PAIMI. Under PAIMI an eligible system is authorized to conduct an investigation when an incident of abuse is "reported to the system."[14] When such an incident is reported, the eligible system is authorized to have access to "all records" of any individual "with respect to whom a complaint has been received by the system . . . ."[15] Nevertheless, North Star contends that DLCA lacks standing to investigate and demand documents from North Star, because DLCA had no "reasonable belief that abuse or neglect had occurred,"[16] and because it was "required to do more than take a complaint from BC's mother to determine jurisdiction."[17] As noted by North Star, an eligible system "has the right to enter and investigate when there is a report of abuse or neglect *or* when it has 'probable cause to believe' that an incident of abuse or neglect has occurred."[18] For the reasons

---

[13]*eBay Inc. v. MercExchange, L.L.C.* 547 U.S. 388, 391 (2006).

[14]42 U.S.C. § 10805(a)(1)(A).

[15]42 U.S.C. § 10805(a)(4)(B)(iii).

[16]Doc. 28 at 5.

[17]Doc. 28 at 6.

[18]Doc. 28 at 6 (citing 42 U.S.C. 10801(b)(2)(B). The court does note that 42 C.F.R. § 51.41(b)(2)(iii) states that access to records shall be extended to an eligible system where "[a] complaint or report has been received *and* the eligible system has determined that there is probable cause to believe that the individual has been or may be subject to abuse or neglect"

-4-

given below, the court finds that there was a report of abuse, so it is unnecessary to determine whether the alternative probable cause basis for investigation is viable.

North Star argues that the complaint's allegations of cursing and hair pulling do not rise to a level of severity sufficient to be considered "abuse" under the statutory language of PAIMI.[19] North Star points out that the statute says abuse includes various listed acts such as rape, sexual assault, and striking.[20] It follows, contends North Star, that DLCA cannot "reasonably" maintain that allegations of cursing and hair pulling are abuse as defined by PAIMI.[21] The list of examples in the statute is not a complete list of acts considered to be abuse. Rather, the listed acts are "included" within the reach of the more general definition which describes abuse as an act which "was performed . . . knowingly, recklessly, or intentionally, and which caused, or may have caused, injury or death to [an] individual with mental illness."[22] North Star may be correct about the allegation of cursing, but hair-pulling is certainly an act which *may* cause injury. North Star emphasized at oral argument that the hair-pulling was done inadvertently. Even if that were true, it would not preclude the possibility the act was performed recklessly. The court concludes that DLCA received a complaint about an act which may have caused injury to BC, an individual with a mental illness. It was perfectly reasonable for DLCA to conclude that the incident reported may have been abuse of a person who is mentally ill. That is all DLCA needed to investigate and request records from North Star pursuant to 42 U.S.C. § 10805.

### 2. Peer Review Records May Be Requested Under PAIMI

---

(emphasis added). This regulation appears to directly contradict the clear statutory language of 42 U.S.C. § 10805(a)(4)(B)(iii), authorizing P&A access to records of any individual "with respect to whom a complaint has been received by the system *or* with respect to whom . . . there is probable cause to believe that such individual has been subject to abuse or neglect."

[19] Doc. 28 at 6-12.

[20] 42 U.S.C. § 10802 (1) (A)–(C).

[21] Doc. 28 at 8.

[22] 42 U.S.C. § 10802(1).

North Star asserts that some of the records requested are "peer review" records protected from disclosure by state law. State law is preempted by federal law:

> 1) where Congress explicitly defines the extent to which its enactments preempt state law ("express preemption"); 2) where state law regulates conduct in a field that Congress intended the federal government to exclusively occupy ("field preemption"); and 3) where it is impossible to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress ("conflict preemption").[23]

The Ninth Circuit has not yet decided whether PAIMI preempts state law which makes peer review records confidential. However, all four circuit courts which have addressed the issue have indicated that PAIMI authorizes access to peer review records by eligible systems.[24] This court finds the cases from the Second, Third, Eighth, and Tenth Circuits persuasive. The analysis of the issue by now-Justice Alito in *Pennsylvania Protection & Advocacy, Inc. V. Houstoun*[25] is particularly instructive.[26] There, the Third Circuit found that peer review reports are encompassed in the definition of "records" in 42 U.S.C. § 10806(b)(3)(A), and that they are records "of any individual" pursuant to Section 10805(a)(4)(A).[27] This court adopts the holding of the Third Circuit that "a peer

---

[23] *Southern Pacific Transp. Co. v. Public Utility Com'n of State of Or.*, 9 F.3d 807, 810 (9th Cir. 1993).

[24] *Protection &Advocacy for Persons with Disabilities, State of CT v. Mental Health and Addiction Services*, 448 F.3d 119, 128 (2d Cir. 2006); *Missouri Protection & Advocacy Services v. Missiouri Department of Mental Health*, 447 F.3d 1021, 1024 (8th Cir. 2006); *Center for Legal Advocacy v. Hammons*, 323 F.3d 1262, 1270 (10th Cir. 2003); *Pennsylvania Protection & Advocacy, Inc. V. Houstoun*, 228 F.3d 423, 427 (3d Cir. 2000).

[25] 228 F.3d 423 (3d Cir. 2000).

[26] *Id.* at 426-27.

[27] *Id.* at 426-27. DLCA seeks access to records pursuant to § 10805(a)(4)(B), instead of § 10805(a)(4)(A), however the analysis of the Third Circuit still applies, as it regards the words "access to all records of" in § 10805(a)(4).

review report is a 'record[] of . . . an [] individual under [PAIMI]" and that therefore an eligible system may have access to them.[28]

Here, as in the Tenth Circuit's decision in *Center for Legal Advocacy v. Hammons*,[29] both the express language of the federal statute, § 10806(b)(2)(C), and the direct conflict between state and federal law support the conclusion that preemption applies. AS 18.23.030 provides in part that peer review records must "be held in confidence and may not be disclosed to anyone except to the extent necessary to carry out the purposes of the review organization and is not subject to subpoena or discovery."[30] This directly conflicts with the disclosure requirements of PAIMI. This court finds that PAIMI preempts the Alaska statute.

North Star cites a federal regulation, 42 C.F.R. § 51.41(c)(4), to support its allegation that PAIMI does not preempt Alaska law. Section 51.41(c)(4) states that "nothing in this section is intended to preempt State law protecting records produced by medical care evaluation or peer review committees."[31] This court adopts the Third Circuit's analysis in *Houstoun* holding that this regulation is invalid, because it is not a reasonable interpretation of the federal statute, and therefore must be rejected.[32]

### 3. Other Matters

Plaintiffs argue that at least some of the records requested are not peer review records.[33] Having found that DLCA may obtain peer review records, it is unnecessary to determine which of the requested records are peer review records.

---

[28] *Id.* at 427 (citing 42 U.S.C. § 10805(a)(4)).

[29] 323 F.3d 1262, 1272 (10th Cir. 2003).

[30] A.S. 18.23.030.

[31] 42 C.F.R. § 51.41(c)(4).

[32] 228 F.3d at 427-28.

[33] Doc. 12 at 9.

-7-

In its reply brief, DLCA indicated that it also needed the peer review documents in order to assess the peer review process itself.[34] Raising a new matter in a reply memorandum is inappropriate, and the court might ignore the argument on those grounds. Moreover, the court is highly skeptical of the proposition that an eligible system has the authority to evaluate the quality of an institution's peer review program based on PAIMI. In any event, even if it could be considered as timely raised, this argument need not be considered, because the court has determined the matter on other grounds.

DLCA has succeeded on the merits of its declaratory relief claim. Irreparable injury is established because DLCA has been denied access authorized by federal statute. It is true that North Star has established that it will experience a hardship when the documents are made available to DLCA, because peer review participants who enjoy privilege and confidentiality under state law may provide less candid assessments of incidents in the future. This hardship is ameliorated because DLCA will be statutorily required to maintain the same level of confidentiality over the documents as did North Star.[35] A balancing of hardships favors DLCA, because it has a right to review the records guaranteed by federal law, and no other way to access the records. Finally, while the court understands the substantial public interest in providing confidentiality for peer review records in order to encourage candid assessments of matters which are of great concern, Congress has made the choice that the public interest in investigating "incidents of abuse and neglect of individuals with mental illness"[36] outweighs the public interest reflected in state law requiring confidentiality of peer review records.

---

[34] Doc. 36 at 14, 19.

[35] 42 U.S.C. § 10806(a).

[36] 42 U.S.C. § 10801(b)((2)(B).

Case 3:07-cv-00062-JWS   Document 38   Filed 03/27/08   Page 8 of 9

## V. CONCLUSION

For the reasons stated above, the motion at docket 11 is **GRANTED** as follows:

(1) It is **DECLARED** that plaintiff DLCA has a right under PAIMI to access the requested documents in the possession of defendant North Star;

(2) Defendant North Star is **ENJOINED AND ORDERED** to provide the requested documents to plaintiff DLCA for review within 10 days from the date of this order; and

(3) It appearing that there is nothing further to be done in this case, **IT IS FURTHER ORDERED** that counsel shall confer and then within 30 days from the date of this order either (a) file a jointly suggested form of judgment for the court to consider, or (b) file a joint status report indicating what steps need to be completed before judgment can be entered.

DATED at Anchorage, Alaska, this 27th day of March 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE